UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCUS STINSON,

                Plaintiff,

          -against-

CITY UNIVERSITY OF NEW YORK;
JUDITH BERGTRAUM, in her official and
individual capacity,

                Defendants.

19-CV-4191 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff brings this *pro se* action, for which the filing fee has been paid, under the Family

and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601-2654; 42 U.S.C. §§ 1981, 1983,

1985 and 1986; the New York State Human Rights Law (NYSHRL), N.Y. Exec. Law §§ 290 to

297; and the New York City Human Rights Law (NYCHRL), N.Y.C. Admin. Code §§ 8-101 to

131. He asserts that his former employer discriminated and retaliated against him against him

based on his race (African American) and his FMLA work schedule. The Court dismisses the

complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the

filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants

Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17

(2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss

frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon

Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings

liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the

"strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff brings this employment discrimination action against the City University of New York (CUNY), his former employer, and Judith Bergtraum, a Vice Chancellor at CUNY. In 2017, he also filed an employment discrimination action against CUNY and Bergtraum, as well as other defendants not named here, asserting many of the same claims. *See Stinson v. City Univ. of New York*, No. 17-CV-3949 (KBF) (S.D.N.Y. June 6, 2018) (*Stinson I*). In that action, Plaintiff asserted that on September 17, 2015, he was involuntarily transferred to the Vendor Integrity and Investigations Department (VIID) headed by Vincent Green, because of his race (African American) and disability (depression). At VIID, Plaintiff was subjected to further discrimination and harassment, particularly from Green – Plaintiff's immediate supervisor – who discriminated against him by treating him differently than similarly situated employees. When Plaintiff complained to Bergtraum about the discriminatory conduct and harassment, she failed to address the issue. Instead, CUNY and its employees discriminated and retaliated against him for his filing grievances, including denying his request for FMLA leave. On May 23, 2017, CUNY suspended Plaintiff without pay and later issued disciplinary charges against him, largely based on Green's false claims. On August 18, 2017, after upholding the disciplinary charges, CUNY fired him. After considering all of Plaintiff's discrimination and retaliation claims, on June 6, 2018, Judge Katherine Forrest dismissed Plaintiff's action. *See id.* (ECF No. 85).

In 2018, Plaintiff filed another action naming CUNY, Bergtraum, and Green as defendants. *See Stinson v. City Univ. of New York*, No. 18-CV-5963 (LLS) (S.D.N.Y. Aug. 14, 2018) (*Stinson II*). In that action, he asserted the same claims from *Stinson I*, along with new

2

claims based on events that occurred after his firing, namely that the defendants' opposition to

his unemployment insurance benefits application was retaliatory.

On August 14, 2018, the Court held that Plaintiff's claims arising from his employment at

CUNY up until his firing, on August 18, 2017, were barred under the doctrine of claim

preclusion. *See id*. (ECF No. 6). Further, although Plaintiff's new claim that the defendants

retaliated against him by opposing his application for unemployment insurance benefits was not

barred under the doctrine of claim preclusion, the Court dismissed that claim as prematurely filed

because Plaintiff had not fully exhausted his administrative remedies with the Equal

Employment Opportunity Commission (EEOC). *See id*. The Court dismissed that portion of the

complaint without prejudice to Plaintiff's filing a new action concerning the new retaliation

claims after Plaintiff received his right-to-sue letter from the EEOC. *See id*.

Plaintiff now files this new action against CUNY and Bergtraum based on the same

events underlying his complaint in *Stinson I*, that is, events that occurred up until his firing on

August 18, 2017. Plaintiff again asserts discrimination and retaliation claims but focuses on

Defendants' alleged "FMLA interference" and "FMLA retaliation" that occurred from March

2016, through January 2017. He seeks injunctive relief and monetary damages.

**DISCUSSION**

A.     **Claim Preclusion**

The doctrine of claim preclusion, also known as *res judicata*, limits repetitious suits,

establishes certainty in legal relations, and preserves judicial economy. *Curtis v. Citibank, N.A.*,

226 F.3d 133, 138 (2d Cir. 2000). The doctrine applies in a later litigation "if [an] earlier

decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) [the

earlier decision] involved the same parties or their privies, and (4) [the earlier decision] involved

the same cause of action." *In re Adelphia Recovery Trust*, 634 F.3d 678, 694 (2d Cir. 2011)

(internal quotation marks and citation omitted, first alteration in original). "[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Proctor v. LeClaire*, 715 F.3d 402, 411 (2d Cir. 2013) (internal quotation marks and citations omitted). "A party cannot avoid the preclusive effect of res judicata by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted).

To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action. *See Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001). And "a dismissal for failure to state a claim operates as 'a final judgment on the merits and thus has res judicata effects.'" *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (quoting *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009)). This includes a dismissal based on claim preclusion itself. *See Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205-06 (2d Cir. 2002) (holding that the plaintiff's *in forma pauperis* action, which was dismissed as barred by *res judicata*, was properly dismissed for failure to state a claim on which relief may be granted).

Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c), the Court may, on its own initiative, raise the issue of claim preclusion. *See, e.g.*, *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming *sua sponte* application of collateral estoppel in motion for summary judgment); *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) ("The failure of a defendant to raise *res judicata* in [an] answer does not deprive a court of the power to dismiss a claim on that ground.").

Because Judge Forrest already considered on the merits Plaintiff's discrimination and retaliation claims in *Stinson I,* the doctrine of claim preclusion bars all claims in this action that

are based on the same events and transactions that were at issue in *Stinson I*. Even if Plaintiff is

attempting to raise new discrimination or retaliation claims that arose during his employment,

Judge Forrest's final judgment prevents him from doing so, because his purportedly new claims

arise from the same set of facts and transactions that were the basis for his previous claims in

*Stinson I*. He therefore could have raised any new claims that arose during his employment in

that matter. For these reasons, Plaintiff's claims are barred under the doctrine of claim

preclusion. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.**      **Eleventh Amendment and Issue Preclusion**

Judge Forrest determined that Plaintiff's FMLA, NYSHRL, and NYCHRL claims against

CUNY and Bergtraum were barred by sovereign immunity under the Eleventh Amendment, and

therefore, the Court lacked subject matter jurisdiction over those claims.[1] *See Stinson I* (ECF No.

85 at 11-12, 23). Generally, claims that are dismissed for lack of subject matter jurisdiction are

not considered a dismissal on the merits and the doctrine of claim preclusion does not apply. *See*

*St. Pierre v. Dyer*, 208 F.3d 394, 400 (2d Cir.2000) ("[A] dismissal for lack of subject matter

jurisdiction is not an adjudication of the merits, and hence has no [claim preclusive] effect.") But

whether "sovereign immunity constitutes a true issue of subject matter jurisdiction or is more

appropriately viewed as an affirmative defense is an open question in the Supreme Court and the

Second Circuit." *Carver v. Nassau Cnty. Interim Fin. Auth.*, 730 F.3d 150, 156 (2d Cir. 2013)

(citing *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998)); *see also Adams v. Bosco*,

No. 98-CV-8737 (RO), 1999 WL 165691, at *1, n. 1 (S.D.N.Y. March 25, 1999) (recognizing

---

[1] The Eleventh Amendment bars from federal court all suits by private parties against a state unless the state consents to such a suit or Congress has abrogated its immunity validly. *See Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363–64 (2001); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–100 (1984).

that "the case law has some divergence on whether a dismissal for sovereign immunity under the Eleventh Amendment constitutes a final judgment on the merits" and that "there is some support for the proposition that '[a] dismissal based on sovereign immunity is a decision on the merits, as it determines that a party has no cause of action or substantive right to recover.'") (citation omitted).

Even assuming that dismissal of Plaintiff's FMLA, NYSHRL, and NYCHRL under Eleventh Amendment sovereign immunity was not a decision on the merits subject to the doctrine of claim preclusion, the claims must still be dismissed. While a dismissal on jurisdictional grounds has no claim-preclusive effect, the doctrine of issue preclusion bars relitigation of the specific issues that the prior court decided in reaching its jurisdictional determination. *See St. Pierre*, 208 F.3d at 401 (prior dismissal for lack of standing did not bar subsequent claim but did bar relitigation of specific finding that plaintiff was not loss payee on insurance policy). The doctrine of issue preclusion bars relitigation of a specific legal or factual issue in a second proceeding "where (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *Grieve v. Tamerin*, 269 F.3d 149, 153 (2d Cir. 2001) (citation and internal quotation marks omitted).

Here, to the extent Plaintiff seeks to bring the identical FMLA, NYSHRL, and NYCHRL claims presented in *Stinson I*, those claims are barred under the doctrine of issue preclusion. See *Stengel v. Black,* 486 F. App'x 181, 183 (2d Cir. 2012) ("Although a dismissal for lack of jurisdiction is not an adjudication of the merits of a claim, such a dismissal precludes re-litigation of the issue it decided.") (internal citation omitted).

In any event, Plaintiff's FMLA, NYSHRL, and NYCHRL are still barred under the Eleventh Amendment. As Judge Forrest determined, the State of New York has not consented and Congress has not abrogated its immunity for self-care claims under the FMLA, and nor has the State consented to be subject to either the NYSHRL or the NYCHRL in federal court. *See Stinson I* (ECF No. 85 at 12). Because Plaintiff's FMLA, NYSHRL, and NYCHRL claims against CUNY and Bergtraum are effectively claims against the State of New York,[2] as Judge Forrest found, they are barred by the Eleventh Amendment.

**C.     Warning to Plaintiff**

Based on the dismissal of plaintiff's discrimination and retaliation claims arising during his employment in *Stinson I* and *Stinson II*, the Court finds that Plaintiff was or should have been aware that his present discrimination and retaliation claims based on events that occurred up until his firing on August 18, 2017, lacked merit when he filed them. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Plaintiff is warned that further litigation of his employment discrimination claims against CUNY and its employees based on events occurring before his firing or other nonmeritorious matters in this Court will result in an order barring him from filing any new actions without prior permission. *See* 28 U.S.C. § 1651.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint is dismissed because it is barred under the doctrines of claim and issue preclusion and the Eleventh Amendment.

---

[2] The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009).

Plaintiff is warned that further nonmeritorious litigation in this Court will result in an order barring him from filing any new actions without prior permission. *See* 28 U.S.C. § 1651.

Although Plaintiff paid the filing fee for this case, the Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:     July 19, 2019
           New York, New York

                                    Louis L. Stanton
                                     Louis L. Stanton
                                     U.S.D.J.